UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

CHRISTOPHER MARGAIT,

　　　　　　　　Defendant.

22CR312-1 (DLC)

ORDER

---

DENISE COTE, District Judge:

　　On November 21, 2023, defendant Christopher Margait moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines.  The defendant is not eligible for a reduction of his sentence and the motion is denied.

## Background

　　On June 2, 2022, Margait pleaded guilty pursuant to a plea agreement with the Government to a violation of 18 U.S.C. § 1349.  Margait had participated in a Medicare kickback scheme through which he bought and sold written orders for durable medical equipment.

　　On December 14, Margait was sentenced to 24 months' imprisonment in the Southern District of Florida.  This Florida conviction changed his criminal history category from I to II.

　　On May 25, 2023, Margait was sentenced principally to a term of 65 months' imprisonment.  The defendant's Sentencing

Guidelines range was 70 to 87 months' imprisonment, based on an offense level of 26 and a criminal history category of II.  The Probation Department recommended a sentence of 48 months' imprisonment; the defendant sought a below-Guidelines sentence, and the Government requested a sentence of at least 60 months' imprisonment.

On November 21, 2023, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  The amendment went into effect on November 1, 2023 and applies retroactively.  On December 15, the United States Probation Department issued a report indicating that the defendant is not eligible for a sentence reduction.  On January 3, 2024, the Government filed an opposition to Margait's motion for a sentence reduction.  Margait is scheduled to be released from custody on February 22, 2028.

## Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. §3582 (c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  <u>United States v. Martin</u>, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10. Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the

calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.C. § 4C1.1.

Because Margait had three criminal history points due to his prior conviction, Amendment 821 does not reduce Margait's offense level. Margait is therefore not eligible for a sentence reduction pursuant to Amendment 821.

## Conclusion

Margait's November 21, 2023 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 is denied.

Dated:      New York, New York
            May 21, 2024

                                    _____
                                         Denise Cote
                                    United States District Judge